In re David F. LaROCHE, Debtor.

Stewart F. GROSSMAN, Trustee, Plaintiff,

v.

ROCK REALTY, INC. and David F. LaRoche, Defendants.

Bankruptcy No. 91–10005.
Adv. No. 95–1002.

United States Bankruptcy Court, D. Rhode Island.

Nov. 22, 1995.

---

Melvin S. Hoffman, Looney & Grossman, Boston, MA, John M. Marks, Providence, RI, for Plaintiff Stewart F. Grossman.

Mal A. Salvadore, Providence, RI, for Defendant David F. LaRoche.

Barry J. Kusinitz, Corrente, Brill & Kusinitz, Providence, RI, for Defendant Rock Realty, Inc.

## ORDER GRANTING DEFENDANTS' REQUEST FOR FINDINGS OF FACT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Defendants' request for findings of fact regarding our October 5, 1995 Order awarding the Plaintiff attorney fees in the amount of $1,260. Said Order was entered as a sanction for the unnecessary litigation caused by the Defendants' failure to provide the Trustee with monthly reports as required under a modified consent order dated June 30, 1995.

The Trustee correctly points out that the imposition of sanctions is a matter within the sound discretion of the Court, is highly fact driven and not governed by § 330, as are standard applications for compensation. However, since the Court did require the Movant to provide the detail of the time and effort expended on account of the Debtor's recalcitrance, the reasonableness of the information contained in that record is a sub-issue in this dispute. Therefore, we will provide the findings of fact requested by the Debtor, see Fed.R.Bankr.P. 7052 and 9023, but at the same time make it clear that the October 5, 1995 Order was intended as a sanction, and not as an order allowing compensation under § 330 of the Code. To the contrary, the Court's action without question, was the result of the Defendant's failure and/or refusal to comply with earlier Court orders. At the same time it was an attempt to improve, by financial coercion, the Debtor's behavior for the duration of the case.[1]

---

foreclose the mortgage may be maintained at the same time." N.H.Rev.Stat.Ann. § 524:10 (1974).

1. Although the Debtor's conduct *in this proceeding* has been dilatory and obstructionist, it does not begin to compare with many of his other transgressions in the case. In the circumstances, this sanction was meant to reasonably compensate the Trustee for the extra time and effort involved in obtaining compliance with prior Court orders. On the other hand Mr. LaRoche must understand that he is not immune from the assessment of punitive, as well as compensatory sanctions, if his future conduct calls for punishment in addition to compensation.

Having said all that, and while we were not acting upon a fee request under 11 U.S.C. § 330, the same analysis is often applied to requests for sanctions that are mainly compensatory. *See In re Almacs, Inc.*, 178 B.R. 598 (Bankr.D.R.I.1995). In this and in most other Circuits, the process requires the determination of a reasonable hourly rate, and multiplying that figure by the number of hours reasonably required to perform the task. *See In re Swansea Consol. Resources, Inc.*, 155 B.R. 28, 30 (Bankr.D.R.I. 1993). Reviewing the instant motion, we conclude that the services in question could and should have been performed in approximately nine hours by an associate attorney, at the rate of $140 per hour. No complex legal or factual issues were involved, and in examining the time expended, we found that the time entries submitted by the Trustee were excessive for the services performed. For example, the charges by the Trustee and a senior attorney for attendance at the hearing on September 7, 1995, at rates of $270 and $200 per hour respectively is not reasonable, and we recommend that this kind of overloading be avoided in the future. This Court prefers to approve reasonable requests, *as filed*, rather than having to pare down applications filed "on the high side," on the assumption that the amount requested will be reduced anyway. Accordingly, compensation was awarded in the amount of $1,260 ($140 per hour × 9 hours).